UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

QUINTEN YOUNG,
ADC # 127243                                                                                    PLAINTIFF

V.                          No. 1:10CV00071-DPM-BD

CHANCE NORRIS                                                                                 DEFENDANT

RECOMMENDED DISPOSITION

I.   **Procedure for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge D.P. Marshall, Jr. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

II.  **Background**:

On September 10, 2010, Plaintiff Quinten Young, an Arkansas Department of Correction ("ADC") inmate formerly housed at the North Central Unit ("NCU"), filed his complaint under 42 U.S.C. § 1983. He alleged that Sergeant Norris used excessive force against him, thus violating his eighth amendment right to be free from cruel and unusual punishment. (Docket entry #2)

Sergeant Norris now has filed a motion for summary judgment, arguing that Mr. Young's claims should be dismissed either because Mr. Young failed to participate in his deposition or because Sergeant Norris is entitled to judgment as a matter of law. (#19) Mr. Young has responded to the motion, and Sergeant Norris has replied to the response. (#24 and #25)

Based on the evidence presented, Sergeant Norris's motion for summary judgment (#19) should be GRANTED. Mr. Young's claim should be DISMISSED without prejudice.

III.  Discussion:

   A.   Summary Judgment Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). Once the

moving party has successfully carried its burden under Rule 56(c), the nonmoving party must go beyond the pleadings and, by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P . 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) (internal citation omitted) ("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.")

If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex*, 477 U.S. at 322.

B. Request for Dismissal

In the motion for summary judgment, Sergeant Norris first argues that Mr. Young's claims should be dismissed because Mr. Young refused to participate in his deposition. Sergeant Norris includes Mr. Young's deposition transcript in support of his motion. In the deposition, Mr. Young stated that he would not participate in the "disposition" [sic] without his counsel present. (#19-2 at p. 6) Although counsel for Sergeant Norris explained to Mr. Young that he did not have a court-appointed attorney in this case, Mr. Young refused to participate.

Upon a review of the transcript, it appears Mr. Young was confused about the nature of the deposition. Although he has been involved in criminal proceedings, Mr.

Young may be unfamiliar with the manner in which a civil case is prepared for trial. For that reason, the Court should not punish Mr. Young based on his refusal to participate. Sergeant Norris is not entitled to a dismissal of Mr. Young's claims on that basis.

    C.    Eighth Amendment Claim

To prove an Eighth Amendment violation, a prisoner must satisfy two requirements, one objective and one subjective. The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious. The second requirement is subjective and requires the inmate to prove that prison officials had a "sufficiently culpable state of mind." *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (internal citations and quotati ons omitted). "It is . . . clearly established that force may be justified to make an inmate comply with a lawful prison regulation or order, but only if the inmate's noncompliance also poses a threat to other persons or to prison security." *Treats v. Morgan*, 308 F.3d 868, 875 (8th Cir. 2002) (citing *Lawrence v. Bowersox*, 297 F.3d 727, 732 (8th Cir. 2002)); *Jones v. Shields*, 207 F.3d 491, 496-497 (8th Cir. 2000); *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993); *Stenzel v. Ellis*, 916 F.2d 423, 426-427 (8th Cir. 1990)).

Here, Mr. Young alleges Sergeant Norris used excessive force against him when he forcefully handcuffed him before escorting him to isolation, then forcefully removed the handcuffs once he was placed in isolation. He claims that he sustained bruising and swelling as a result of Sergeant Norris's conduct.

4

In his motion for summary judgment, Sergeant Norris provides the Court his affidavit as well as affidavits from two officers present during the incident. Based upon this testimony, it appears that on February 23, 2010, after Mr. Young was issued a disciplinary by Corporal Ryon Hennessey, Sergeant Norris requested that Corporal Hennessey bring Mr. Young to the lieutenant's desk so that Sergeant Norris could interview him. (#19-3 at p.1) During the meeting, Sergeant Norris determined that Mr. Young was a threat to security and ordered that he be transported to the NCU's isolation unit. (#19-3 at p.1) Sergeant Norris instructed Corporal Cassius White to handcuff Mr. Young before escorting him to isolation. (#19-3 at p.2) Corporal White handcuffed Mr. Young without incident and assisted Sergeant Norris is escorting Mr. Young to isolation. (#19-3 at p.2) Once Mr. Young was placed in isolation, Sergeant Norris used his handcuff key to remove the handcuffs. (#19-3 at p.2) The handcuffs were removed without incident. (#19-3 at p.2) Two of the officers present, including Corporal White, explain that "Sergeant Norris removed his handcuff key and unlocked inmate Young's handcuffs in routine fashion. [Each officer] observed no incident, altercation, or force used while Norris unlocked the handcuffs." (#19-4 at p.2 and #19-5 at pp.1-2)

In his response to the motion for summary judgment, Mr. Young argues that there is video footage available of the incident which will support his version of the events. Sergeant Norris has replied to Mr. Young's response and provided a copy of the video showing Mr. Young being handcuffed and taken to isolation, as well as Sergeant Norris's

5

removal of the handcuffs. The Court has carefully reviewed the video footage. There is no indication that any force was used either to handcuff Mr. Young or to remove the handcuffs.[1]

In *Scott v. Harris*, 550 U.S. 372, 127 S.Ct. 1769 (2007), a motorist brought a 42 U.S.C. § 1983 action against county deputies alleging that the deputies had used excessive force in violation of his fourth amendment rights during a high speed chase. The District Court denied the deputies' summary judgment motion regarding the motorist's fourth amendment claim. The Circuit Court of Appeals affirmed the decision to allow the fourth amendment claim to proceed to trial. The Supreme Court reversed the lower courts' holdings and relied – at least, in part – on a videotape provided by the deputies. The Court explained that "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007) (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587, 106 S.Ct. 1348 (1986). The Court went on to state that the "Court of Appeals should not have relied on

---

[1] The Court notes that the video footage also shows infirmary personnel arriving and evaluating Mr. Young due to his placement in isolation. The infirmary personnel observed "[n]o obvious signs of trauma" and noted that Mr. Young "denies any trauma and states that he has not been in any kind of a confrontation." (#19-3 at p.13)

such visible fiction; it should have viewed the facts in the light depicted by the videotape." *Id*. at 380-381, 127 S.Ct. at 1776.  The same rationale applies in this case.

Here, there exists a videotape of the incident at issue.  There is no indication that this videotape has been altered in any way.  "[T]here is no contention that what it depicts differs from what actually happened." *Id*. at 378, 127 S.Ct. at 1775.  Rather, the videotape supports Sergeant Norris's version of the events and the version of events provided by Corporal White and Corporal Jeremy Glenn.  The videotape plainly shows an officer handcuffing Mr. Young without using undue force and escorting him to isolation.  The videotape then shows the handcuffs being removed.  Mr. Young does not appear to pull away from Sergeant Norris while the handcuffs were removed; nor does Sergeant Norris appear to apply force in removing the handcuffs.  Relying on this undisputed evidence, it is clear that no unnecessary force was used in this situation.

The parties have recounted two different version of the handcuffing incident, but the affidavits and the video footage support Sergeant Norris's account.  The Court in *Scott* explained that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id*. at 380, 127 S.Ct. at 1776.

Because no reasonable juror could believe Mr. Young's version of the events based on the evidence presented, Sergeant Norris is entitled to judgment as a matter of law on Mr. Young's excessive force claim.

**IV.    Conclusion:**

The Court recommends that Sergeant Norris's motion for summary judgment (#19) be GRANTED and that Mr. Young's claims be DISMISSED with prejudice.

DATED this 12th day of May, 2011.

_____
UNITED STATES MAGISTRATE JUDGE